Jones and another, acting Executors, &c. *v.* Roberts and Lawrence.

Where the insolvency of defendant L. is positively alleged, it will amount to impertinence for defendant R. to undertake to show the contrary by hypothetical statements and the opening of long settled accounts and adjusted balances.

A QUESTION upon an exception taken to the answer of the defendant Seth B. Roberts for impertinence. The bill alleged the insolvency of the other defendant Lawrence; and this point was met by the defendant Roberts—as will be sufficiently seen by a reference to the opinion of the court.

Mr. *D. S. Jones*, for the complainant.

*1844.*

JONES
*v.*
ROBERTS.

*Nov.* 18.
1844.

*Pleading.*
*Answer.*
*Exception.*

Mr. *D. P. Hall*, for the defendant Seth B. Roberts.

THE VICE-CHANCELLOR :—The only exception brought before me for consideration is the exception for impertinence to a part of the answer of the defendant Roberts to the amendments of the bill. It arises out of the answer to amendment No. 2. It appears to me that all such part of the answer which undertakes to show that the defendant Lawrence was not insolvent, notwithstanding his failure, provided justice was done him by restating the accounts between him and the testator's estate and striking a large balance in his favor instead of a large balance against him, as was ascertained by Master McDonald's report in the year one thousand eight hundred and thirty-two, is impertinent. This accounting, before an officer of the court and under its order, became final and conclusive. It established a large debt against the defendant Lawrence, which he took no legal measures to shake off ; and, in consequence, he must be deemed to have acquiesced in its being for ever fastened upon him. As he cannot, now, be permitted to disturb that settlement, so neither can a third person or stranger. Nor can such an overhauling of the accounts, as this answer sets up, be allowed in a collateral suit or proceeding.

It is clear to my mind that the defendant Roberts cannot be permitted to show, in this way, that the defendant Lawrence was not insolvent in the year one thousand eight hundred and thirty four and continued so to the present time. All this statement in the answer, therefore, is impertinent.

But the question still is : whether the exception, as taken, does not cover too much ground ? The defendant insists that it embraces words which are fairly responsive to the bill and ought, consequently, to remain ; and that, if any part of the exception is improper, the whole of it must fail. Owing to the peculiar phraseology of the answer in the 16th folio and again in folio 41, it is rather difficult to say that there are not some expressions of denial, meeting directly the alleged insolvency, its continuation and the defendant's knowledge of it ; but, in the 42d folio,

we are presented with a denial on those points so full and complete as to render the previous passages unnecessary. I shall, therefore, concur with the master and allow this exception.

Order accordingly.